Main Document Page 1 of 16

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Alisa Admiral (SBN: 265251)
LAW OFFICES OF ALISA ADMIRAL
5150 E Pacific Coast Hwy, Suite 200
Long Beach, CA 90804
Phone: 562-277-1500 Fax: 562-277-1501
Email: alisa@admirallegal.com

☒ *Attorney for Movant*
☐ *Movant appearing without attorney*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

KATRINA MARIE BROWN

Debtor(s)

CASE NO.: 2:11-bk-21794-WB

CHAPTER: 13

# NOTICE OF MOTION AND MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL [11 U.S.C. § 506(a), FRBP 3012]

This motion is being made under **ONLY ONE** of the following notice procedures:

☐ **No hearing unless requested under LBR 9013-1(o)(4);**
☒ **Hearing set by Movant: LBR 9013-1(d);**
☐ **Hearing on Shortened Notice: LBR 9075-1(b); or**
☐ **Hearing on Emergency Basis: LBR 9075-1(a).**

DATE: 05/07/2014
TIME: 1:30 pm
COURTROOM: 1375
PLACE: 255 E Temple Street
Los Angeles, CA 90012

**Creditor Name** *(Insert name of creditor holding collateral to be valued)*: BANK OF AMERICA, NA

1. **PLEASE TAKE NOTICE THAT** KATRINA MARIE BROWN (Movant) requests an order valuing the collateral described below. This motion does not request lien avoidance (see LBR forms F 4003 for lien avoidance involving principal residences and judicial liens).

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2013 Page 1 **F 3012-1.MOTION.VALUATION**

2. **NOTICE PROVISIONS AND DEADLINES FOR FILING AND SERVING A WRITTEN RESPONSE:** Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadline to file and serve a written response. If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve a copy of your opposition upon the Movant and the Movant's attorney and the United States trustee, and also serve a copy on the judge pursuant to LBR 5005-2(d) and the Court Manual.

   a. ☐ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Movant pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

   b. ☒ **Hearing Set by Movant; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on at least 21 days of notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing**. Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

   c. ☐ **Hearing Requested on Shortened Notice under LBR 9075-1(b):** Movant has filed a separate motion asking the court to set a hearing on shortened notice, titled Application for Order Setting Hearing on Shortened Notice (Application). If the court grants the Application, the Movant will serve you with another document providing notice. The deadline to file and serve a written response will be contained in this document. If the court denies the Application, the Movant will provide written notice of a regular hearing date or other proposed disposition of this motion.

   d. ☐ **Hearing Requested on Emergency Basis under LBR 9075-1(a): Hearing Requested on Emergency Basis under LBR 9075-1(a):** Movant has contacted the court and requested an emergency hearing on less than 48 hours notice. If the court grants the request, you will receive a separate Notice of Hearing that identifies the deadline for the Movant to file and serve the Motion and the deadline for you to file and serve a written response. If the court denies the request to set an emergency hearing, the Movant will provide written notice of a regular hearing date or other disposition of this motion and the deadline for filing an opposition.

Date: 3/27/14

By: ______________________________
*Signature of Movant or Attorney for Movant*

Name: ALISA ADMIRAL
*Print Name of Movant or Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2013* Page 2 **F 3012-1.MOTION.VALUATION**

# MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL PURSUANT TO 11 U.S.C. § 506(a) AND FRBP 3012

**1. The Movant is (*check one*):**

- [X] The debtor
- [ ] A creditor
- [ ] The trustee
- [ ] The Official Committee of Creditors Holding Unsecured Claims
- [ ] Other (*specify*): ______

**2. The Collateral to be Valued:**

a. The Movant requests a determination of the value of the following collateral (Collateral).

- [ ] Real Property
  *Street Address:* ______
  *Unit Number:* ______
  *City, State, Zip Code:* ______

  Legal description or document recording number (including county of recording):
  ______

- [X] Personal Property

  - [X] Vehicle:
    *Year, manufacturer, type, and model:* 2008 Fleetwood Terra 34NLX
    *Vehicle Identification Number:* 5B4MP67G573426980
    *Location of vehicle (if known):* 5539 Pearce Ave. Lakewood, CA 90712

  - [ ] Equipment:
    *Manufacturer, type, and characteristics*: ______
    *Serial number(s):* ______
    *Location (if known):* ______

  - [ ] Other Personal Property *(describe type, identifying information, and location)*:
    ______

- [ ] See attached page.

b. Purpose of the Valuation

- [X] Treatment of the claim in a plan:
  - [X] Pursuant to 11 U.S.C. § 1322
  - [ ] Pursuant to 11 U.S.C. § 1129
  - [ ] Other: ______
- [ ] Disposition or use of Collateral pursuant to 11 U.S.C. § 363;
- [ ] Other: (*specify*): ______

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2013* Page 3 **F 3012-1.MOTION.VALUATION**

Main Document Page 4 of 16

c. Movant asserts that the value of the Collateral is $ 65,271.00 as of (date): 03/20/2011

*Check one*:

☒ Date bankruptcy case was commenced.

☐ Other (*specify*): ____________________

**3. Liens Encumbering the Collateral:**

The Collateral is subject to the following liens in the amounts specified securing the debt against the Collateral:

| Names of Lien Holders in Order of Priority | Original Lien Amount | Balance of Lien Amount As of (*applicable date*) 03/20/2011 |
|---|---|---|
| **1st Lien:** Bank of America, NA | $ 236,884.80 | $ 113,500.70 |
| **2nd Lien:** | $ | $ |
| **3rd Lien:** | $ | $ |

☐ See attached page for additional lien(s).

**4. Determination of Secured/Unsecured Status:**
Based upon paragraphs 2 and 3 above, Movant asserts the following:

| Names of Lien Holders in Order of Priority | Secured Portion of the Claim | Unsecured Portion of the Claim |
|---|---|---|
| **1st Lien:** Bank of America, NA | $ 65,271.00 | $ 48,229.70 |
| **2nd Lien:** | $ | $ |
| **3rd Lien:** | $ | $ |

☐ See attached page for additional lien(s).

**5. Evidence in Support of Motion:**

a. Evidence establishing the value of the Collateral:
- ☒ Declaration of the debtor as owner of the Collateral
- ☐ Declaration of the expert witness
  - ☐ Certified appraiser
  - ☐ Other: ____________________
- ☐ Declaration of a party who can authenticate a market report (e.g. Kelley Blue Book) pursuant to F.R.Evid. 803(17).
- ☐ Other:

b. Evidence establishing the amount of the claims related to the liens encumbering the Collateral
- ☒ Declaration of the debtor as owner of the Collateral
- ☐ Declaration of a witness authenticating a document that is an admissible statement of a party opponent (e.g. proof of claim or a recent loan statement) pursuant to F.R.Evid. 801(d)(2).
- ☐ Other:

c. Evidence establishing the priority of the lien encumbering the Collateral
- ☒ Declaration of the debtor as owner of the Collateral
- ☐ Other:

d. ☐ Other evidence (*specify*):

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2013 Page 4 **F 3012-1.MOTION.VALUATION**

**Based upon the foregoing, Movant requests that this Court value the Collateral as listed in paragraph 2.c. above and that the claims related to the liens encumbering the Collateral, listed in paragraph 3 above, are determined to be secured or unsecured as requested in paragraph 4 above.**

☐ See attached continuation page for additional provisions.

Respectfully submitted,

Date: 3/27/14

By: ______________________
*Signature of Movant or Attorney for Movant*

Name: ALISA ADMIRAL
*Printed Name of Movant or Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2013* Page 5 **F 3012-1.MOTION.VALUATION**

## DECLARATION OF THE DEBTOR AS OWNER OF THE COLLATERAL IN SUPPORT OF MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL

1. I, *(state debtor's name)* Katrina Brown declare that I am the debtor in this bankruptcy case.

2. I make this declaration of my own personal knowledge and if called as a witness, could and would testify thereto.

3. I am the owner of the collateral listed in paragraph 1 of the Motion for Order Determining Value of Collateral to which this declaration is attached.

4. My opinion of the value of the Collateral is $65,271.00 as of *(applicable date)* 03/20/2011 based upon my personal knowledge, including but not limited to:

   ☐ Review of an appraisal (do not attach).

   ☒ Knowledge of comparable sales (do not attach).

   ☒ Other: Review of appraisal from online valuation site.

5. As of *(applicable date)* 03/20/2011, the Collateral is subject to the following liens in the amounts specified securing the debt against the Collateral:

| Names of Lien Holders in Order of Priority | Original Lien Amount | Balance of Lien Amount As of *(state applicable date)* 3/20/11 |
|---|---|---|
| 1st Lien: Bank of America, NA | $ 236,884.80 | $ 113,500.70 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

The foregoing balances are established by true and correct copies of filed proofs of claim, or recent loan statements, or other documents attached to this declaration as Exhibit A.

6. The purpose of the valuation is to provide for treatment of the claim of:

| Names of Lien Holders in Order of Priority | Secured Portion of the Claim | Unsecured Portion of the Claim |
|---|---|---|
| 1st Lien: Bank of America, NA | $ 65,271.00 | $48,229.70 |
| 2nd Lien: | $ | $ |
| 3rd Lien: | $ | $ |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

[signature]
Signature

Katrina Brown
Printed Name

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2013 Page 6 F 3012-1.MOTION.VALUATION

**DECLARATION OF KATRINA BROWN**

I, KATRINA BROWN, hereby declare as follows:

1. I have personal knowledge of the following facts, and if called upon to testify in this action, I could and would testify competently thereto.
2. I am the Debtor in the instant Chapter 13 bankruptcy, Case 2:11-bk-21794-WB.
3. This declaration is in support of my Motion for Order Determining Value of Collateral.
4. I am the owner of a 2008 Fleetwood Terra 34NLX recreational vehicle (Terra), purchased on or around October 2007.
5. At the time of filing of my Chapter 13, the Vehicle had approximately 4,100 miles.
6. At the time of filing, Bank of America, NA held a lien of approximately $113,500.70. A true and correct copy of Bank of America NA's Proof of Claim is attached as Exhibit A.
7. I am familiar with the values on vehicle pricing resources, such as nada.com, and I have also reviewed several listing prices of comparable vehicles.
8. Additionally, sometime in 2011 or 2012, I had provided valuation information on the Terra to my previous attorney. I believe at that time that the value I provided to my attorney was $65,271.00.
9. Based on my knowledge of the condition of the Terra, my review of resources that provide pricing information of vehicles, as well as my review of the comparable listings, it is my opinion that my 2008 Fleetwood Terra was worth no more than $65,271.00 at the time my bankruptcy has filed in 2011, and has decreased in value since then.
10. After Bank of America filed its Motion for Relief on September 14, 2012 (dkt. 64), it is my understanding that my attorney had contacted Bank of America, and we had reached an agreement to pay the Terra through the plan.
11. My attorney informed me that the Terra would be paid through the plan in the secured amount of $65,271, the value of the Terra which I provided to my attorney.
12. My payment plan was adjusted so that the amount I was paying directly to Bank of America was added to the plan payment.

13. I believed that the parties were in agreement as to the value, that my attorney had made the appropriate amendments, and that I was making the higher plan payment because I was paying the Terra through the plan in the secured amount of its fair market value.
14. Sometime after this I lost contact with my attorney. I made several attempts to reach her, but she has not responded.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on this 25 day of February, 2014 at Lakewood, California.

KATRINA BROWN

# EXHIBIT A

B 10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** Central District of California

**PROOF OF CLAIM**

Name of Debtor: KATRINA M BROWN

Case Number: 11-21794

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Bank of America NA

Name and address where notices should be sent:
Bank of America NA
Po Box 26012 NC4 105 03 14
Greensboro NC 27420

Telephone number: (888) 702-1161

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ________
(*If known*)

Filed on: ________

Name and address where payment should be sent (if different from above):
Bank of America NA
Po Box 26012 NC4-105-02-77
Greensboro, NC 27410

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 113,500.70

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 6650

**3a. Debtor may have scheduled account as:** ________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☑ Other
**Describe:** N 2008 FLEETWOOD TERRA 34NLX/ rec vehicle

**Value of Property:** $________ **Annual Interest Rate** 8.000 %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $ 984.74 **Basis for perfection:** Title

**Amount of Secured Claim:** $ 113,500.70 **Amount Unsecured:** $________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 06/07/2011

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Debra Wall

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

Date: 10/31/2007 Contract No. CONTROL # F160509

Salesperson: WILLIAM BLACKSTONE

Buyer (and Co-Buyer) Name and Address (Including County and Zip Code)
KATRINA M BROWN
MICHAEL R KELLER
5539 PEARCE AVE
LAKEWOOD, CA 90712 County: LOS ANGELES

Creditor - Seller (Name and Address)
CA GIANT RV
9150 BENSON AVE
MONTCLAIR, CA 91763

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2008 | FLEETWOOD TERRA 34NLX | 95 | 5B4MP67G573426980 | [X] personal, family or household [ ] business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 8.00 % | $ 118876.76 (e) | $ 118008.04 | $ 236884.80 (e) | $ 236884.80 (e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 239 Payments | 987.02 | Monthly Beginning 11/30/2007 |
| N/A Payments | N/A | Monthly Beginning N/A |
| One Final Payment | 987.02 | 10/30/2027 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   - A Cash Price of Motor Vehicle and Accessories $ 90928.83 (A)
     - 1 Cash Price Vehicle $ 88733.83
     - 2 Cash Price Accessories $ 2195.00
     - 3 Other (Nontaxable) Describe N/A $ N/A; Describe N/A $ N/A
   - B Document Preparation Fee (not a governmental fee) $ 55.00 (B)
   - C Smog Fee Paid to Seller $ N/A (C)
   - D (Optional) Theft Deterrent Device (to whom paid) $ N/A (D)
   - E (Optional) Theft Deterrent Device (to whom paid) $ N/A (E)
   - F (Optional) Surface Protection Product (to whom paid) PERM PLATE $ 1405.00 (F)
   - G (Optional) Surface Protection Product (to whom paid) $ N/A (G)
   - H Sales Tax (on taxable items in A through G) $ 7622.08 (H)
   - I Optional DMV Electronic Filing Fee $ 0.00 (I)
   - J (Optional) Service Contract (to whom paid) WESTERN GENERAL $ 3440.00 (J)
   - K (Optional) Service Contract (to whom paid) N/A $ N/A (K)
   - L (Optional) Service Contract (to whom paid) N/A $ N/A (L)
   - M Prior Credit or Lease Balance paid by Seller to BANK OF AMERICA $ 13896.63 (M) (see downpayment and trade-in calculation)
   - N (Optional) Gap Contract (to whom paid) N/A $ N/A (N)
   - O (Optional) Used Vehicle Contract Cancellation Option Agreement $ 0.00 (O)
   - P Other (to whom paid) N/A $ N/A (P) For N/A
   - Total Cash Price (A through P) $117347.54 (1)
2. Amounts Paid to Public Officials
   - A License Fees $ 650.00 (A) Estimated
   - B Registration/Transfer/Titling Fees $ N/A (B)
   - C California Tire Fees $ 10.50 (C)
   - D Other N/A $ N/A (D)
   - Total Official Fees (A through D) $ 660.50 (2)
3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance column a + b) $ N/A (3)
4. [ ] Smog Certification or [ ] Exemption Fee Paid to State $ N/A (4)
5. Subtotal (1 through 4) $118008.04 (5)
6. Total Downpayment
   - A Agreed Trade-In Value Yr 2005 Make FLEETWOOD Model SOUTHWIND Odom 3762 VIN 1FAMF53S840A08175 $ 15000.00 (A)
   - B Less Prior Credit or Lease Balance (estimated) $ 13896.63 (B)
   - C Net Trade-In (A less B) (indicate if a negative number) $-13896.63 (C)
   - D Deferred Downpayment $ N/A (D)
   - E Manufacturer's Rebate $ 1000.00 (E)
   - F Other N/A $ N/A (F)
   - G Cash $ 4000.00 (G)
   - Total Downpayment (C through G) $ 0.00 (6)
   - If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above.
7. Amount Financed (5 less 6) $118008.04 (7)

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.
Proceeds of Loan From N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in ______
installments of $ N/A $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
[ ] Name of autobroker receiving fee, if applicable:
N/A

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X [signature] Buyer [signature] Co-Buyer

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |
| N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature]
Co-Buyer X [signature]
Seller X [signature]

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**

[ ] Credit Life [ ] Buyer [ ] Co-Buyer [ ] Both
[ ] Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | | $ N/A |
| Credit Disability | N/A Mos. | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details.)
You want to buy the credit insurance.
[signature] Date / Buyer Signature / Age
[signature] Date / Co-Buyer Signature / Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term N/A Mos. N/A
Name of Gap Contract
You want to buy a gap contract.
Buyer X [signature]

OPTIONAL SERVICE CONTRACT(S) You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J, 1K, and/or 1L above.
1J Company WESTERN GENERAL
Term 72 Mos. or 75000 Miles
1K Company N/A
Term N/A Mos. or N/A Miles
1L Company N/A
Term N/A Mos. or N/A Miles
Buyer X [signature]

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X [signature]
Co-Buyer Signs X [signature]

OPTION: [ ] You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A Year ____ SELLER'S INITIALS ______

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X [signature] [signature]

Representations of Buyer: Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X [signature] Co-Buyer X [signature]

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X [signature] Co-Buyer Signature X [signature]

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X [signature] Date 10/31/07 Co-Buyer Signature X [signature] Date 10/31/07

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X ______ Address ______

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X N/A Date N/A Guarantor X N/A Date N/A
Address N/A Address N/A

Seller Signs GIANT RV Date 10/31/07 By X [signature] Title MANAGER

LAW FORM NO. 553-CA-ARB CaArv758 Home Ph # (562) 925-4141 Work Ph # (562) 618-0779

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   **GAP LIABILITY NOTICE**
   In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
   Default means:
   - You do not pay any payment on time;
   - You start a proceeding in bankruptcy or one is started against you or your property;
   - The vehicle is lost, damaged or destroyed; or
   - You break any agreements in this contract.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate the contract and redeem the vehicle by paying past due payments and any late charges, default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send the information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.
If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.
If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.
b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.
c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.
d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to BR Amerc NA (Assignee) at (address)
under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

GIANT RV
Seller

By [signature] Title [signature]

Form No. 553-CA-ARB 1/07

VINtek

**Lien and Title Information Title Report**
**2310-Bank of America**

| | | | |
|---|---|---|---|
| **Account Number** | [redacted]650-426980 | **VIN** | 5B4MP67G573426980 |
| **Customer** | BROWN, KATRINA M | | |
| **Organization ID** | 2310 | **Organization Name** | Bank of America |
| **Lien Start** | 11/03/2007 | **Lien End** | |
| **Original Loan Amount** | $0.00 | **Lien Balance Amount** | $0.00 |
| **Lien Type** | Retail | **Dealer ID** | |

**ALS/ALI** ALI

**LAST ELT Transactions**

Received On

11/17/07 8:58 AM — Add Record - Perfection of Lien

**Borrower / Lessee Details**

| | |
|---|---|
| **Name** | BROWN, KATRINA M<br>KELLER, MICHAEL R |
| **Address** | 5539 Pearce Avenue<br>Lakewood, CA 90712 |

**Vehicle Information**

| | | | |
|---|---|---|---|
| **VehicleType** | | **Make** | WORKHORSE |
| **Model** | FORWARD CO | **Year** | 2007 |
| **Mileage** | 0 | | |

**Title Information**

| | | | |
|---|---|---|---|
| **Title Number** | 6BNR360 | **Title State** | CA |
| **Tag Number** | | **VIN** | 5B4MP67G573426980 |
| **Status** | MATCHED 11/17/2007 | **Match Date** | 11/17/2007 |
| **Lien Expiration Date** | | | |

**State Information**

| | | | |
|---|---|---|---|
| **Name** | BROWN,KATRINA M<br>KELLER,MICHAEL R | | |
| **Address** | 5539 Pearce Ave<br>Lakewood, CA 90712 | | |
| **Vehicle Type** | | **Make** | TERRA |
| **Model** | MH | **Year** | 2008 |
| **Mileage** | 95 | | |
| **Title State** | CA | **Title Number** | 6BNR360 |
| **Brands** | 68 CA: Actual Mileage | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5150 E Pacific Coast Hwy, Suite 200, Long Beach, CA 90804

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER DETERMINING VALUE OF COLLATERAL [11 U.S.C. § 506(a), FRBP 3012]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/27/14, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy Curry: ecfnc@trustee13.com; US Trustee: ustpregion16.la.ecf@usdoj.gov
Robert Lampl: advocate45@aol.com; Kristin S Webb: bknotice@rcolegal.com
Jennifer Williams: jywlaw@gmail.com; Paul Johnson: pjohnson@pajlaw.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) 3/27/14, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand, United States Bankruptcy Court, 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012
Debtor: Katrina Marie Brown, 5539 Pearce Ave., Lakewood, CA 90712

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/27/14 | Alisa Admiral | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2013 Page 8 **F 3012-1.MOTION.VALUATION**

Main Document Page 15 of 16

*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| | | |
|---|---|---|
| *(Name of 1st Lienholder)*<br>BANK OF AMERICA, NA<br><br>*Agent for Service of Process (Name & Address)*<br>P.O. Box 26012 NC4 105 03 14<br>Greensboro NC 27420 | Address from:<br>☒ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☒ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name:<br>7012 3460 0002 5960 1105 |
| *(Name of 1st Lienholder)*<br>Bank of America, NA<br>*Agent for Service of Process (Name & Address)*<br>Attn: Brian Moynihan or other Officer<br>100 North Tryon Street<br>Charlotte, NC 28202 | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☒ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☒ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name:<br>7012 3460 0002 5960 1099 |
| *(Name of 1st Lienholder)*<br>BANK OF AMERICA, NA<br><br>*Agent for Service of Process (Name & Address)*<br>C T CORPORATION SYSTEM<br>818 W SEVENTH ST<br>LOS ANGELES CA 90017 | Address from:<br>☐ Proof of claim<br>☒ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☒ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name:<br>7012 3460 0002 5960 1112 |

| | | |
|---|---|---|
| *(Name of 2nd Lienholder)*<br><br>*Agent for Service of Process (Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |
| *(Name of 2nd Lienholder)*<br><br>*Agent for Service of Process (Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |
| *(Name of 2nd Lienholder)*<br><br>*Agent for Service of Process (Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2013* Page 9 **F 3012-1.MOTION.VALUATION**

Main Document Page 16 of 16

| | | |
|---|---|---|
| *(Name of 3rd Lienholder)*<br><br>*Agent for Service of Process*<br>*(Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |
| *(Name of 3rd Lienholder)*<br><br>*Agent for Service of Process*<br>*(Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |
| *(Name of 3rd Lienholder)*<br><br>*Agent for Service of Process*<br>*(Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |

| | | |
|---|---|---|
| *Alternative/Additional Address*<br>*(Name & Address)*<br>BANK OF AMERICA, NA<br>c/o Law Office of Robert S. Lampl<br>21031 Ventura Blvd. 12th Fl.<br>Woodland Hills CA 91364 | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☒ Other: *(Specify)*<br>Atty for BofA in case | Delivery Method:<br>☒ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking # _____<br>Carrier Name: |
| *Alternative/Additional Address*<br>*(Name & Address)* | Address from:<br>☐ Proof of claim<br>☐ Secretary of State<br>☐ FDIC website<br>☐ Other: *(Specify)* | Delivery Method:<br>☐ US mail<br>☐ Certified mail – Tracking #<br>☐ Overnight mail – Tracking #<br>Carrier Name: |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2013* Page 10 **F 3012-1.MOTION.VALUATION**